IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2014 MAY -1  PM 1:38

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____KVV
                    DEPUTY

LANCE RICHARDS,

**Plaintiff,**

-vs-                                                    Case No.  A-13-CA-600-SS

US BANK NATIONAL ASSOCIATION as
Trustee for Credit Suisse First Boston Mortgage
Securities Corp., Home Equity Asset Trust 2003-7,
Home Equity Pass-Through Certificates, Series
2003-7,

**Defendant.**

---

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant US Bank National Association's Motion to Dismiss [#15], to which pro se Plaintiff Lance Richards has not responded, and US Bank's Motion to Extend Pretrial Deadlines [#17]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motion to dismiss.

### Background

This is a suit challenging US Bank's foreclosure of the real property located at 12306 Bainbridge Lane, Austin, Texas 78750, and US Bank's subsequent attempt to evict Richards from the property. Richards purchased the property in 2003, executing a Note and Deed of Trust in favor of MILA, Inc. The Note and Deed of Trust were assigned by MILA to US Bank on October 13, 2003, and the assignment was recorded on December 2, 2010. At some point, Richards defaulted, and US Bank foreclosed on October 2, 2012.

Richards filed this suit on June 26, 2013, in response to US Bank's eviction efforts. Richards's original petition asserts the following causes of action: (1) violations of the Texas Debt Collection Act (TDCA); (2) violations of the Texas Property Code; (3) breach of contract; (4) wrongful foreclosure; and (5) wrongful eviction. US Bank removed to this Court on the basis of diversity jurisdiction, and has since moved to dismiss under Rule 12(b)(6). Richards, who was abandoned by his counsel of record and is now proceeding pro se,[1] has failed to respond.

## Analysis

### I.    Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

---

[1] Richards's former attorney, Michael Brinkley, was terminated by order of the Court and sanctioned $500.00 for his repeated refusals to comply with orders of this Court or the Local Rules in this and other cases before this Court. *See* Order of Jan. 6, 2014 [#12].

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.    Application

As an initial matter, the Court GRANTS the motion to dismiss as unopposed. *See* Local Rule CV-7(e)(2). Although Richards is now proceeding pro se, he has had nearly two full months to respond to US Bank's motion and has failed to do so. Alternatively, the Court briefly addresses the merits of the motion.

Richards's claims hinge on the premise the assignment by MILA to US Bank was invalid. The precise reason for this alleged invalidity is difficult to discern from Richards's pleading. Richards appears to contend the person who executed the 2003 assignment on behalf of MILA lacked authority to do so. However, the Fifth Circuit has held "facially valid assignments cannot be challenged for want of authority except by the defrauded assignor," in this case MILA. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013). Additionally, under Texas law, "an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that

-3-

merely renders the assignment voidable at the election of the assignor." *Id.* at 225. Because an unauthorized contract is "not void, but merely voidable at the election of the defrauded principal," Richards cannot challenge the assignment on the grounds MILA did not authorize the transfer to US Bank. *Id.* at 226; *see also Epstein v. U.S. Bank Nat'l Ass'n*, 540 F. App'x 354, 357 (5th Cir. 2013) (unpublished) (following *Reinagel* and affirming dismissal of claims premised on an "invalid assignment" theory where allegedly defrauded assignor had not challenged the assignment).

Richards's TDCA claim asserts US Bank violated Texas Finance Code section 392.301(a)(8), which prohibits a debt collector from "threatening to take an action prohibited by law." TEX. FIN. CODE § 392.301(a)(8). But the statute also expressly states debt collectors are *not* prohibited from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." *Id.* § 392.301(b)(3). Because Richards cannot challenge MILA's assignment to US Bank, he has not pleaded any facts from which the Court may draw the plausible inference US Bank was threatening to take any action prohibited by law; to the contrary, US Bank was threatening to exercise (and, ultimately, exercising) its contractually and statutorily recognized right of non-judicial foreclosure following Richards's default. *See DTND Sierra Invs. LLC v. Bank of N.Y. Mellon Trust Co., N.A.*, 958 F. Supp. 2d 738, 752 (W.D. Tex. 2013) (dismissing similar claim and holding "Plaintiff cannot recast its challenge to the Deed of Trust assignment as a [Texas Debt Collection Practices Act] claim"); *Burr v. JPMorgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1059043, at *7 (S.D. Tex. Mar. 28, 2012) ("Furthermore, it is well established that JPMorgan's foreclosure on the Burrs' home after the Burrs admittedly defaulted on their mortgage loan is not an action prohibited by law.").

Richards's Texas Property Code claims are similarly deficient. Specifically, Richards alleges various notices—such as the notice of default, or notice of foreclosure sale—were invalid because US Bank lacked authority to provide those notices in the absence of a valid assignment. Because Richards cannot challenge the facially valid assignment from MILA to US Bank, he cannot state a claim for violation of the Texas Property Code.

Carrying on under the same theory, Richards alleges US Bank breached the Deed of Trust by providing the various pre-foreclosure notices and ultimately foreclosing on the property without authority. Because Richards lacks standing to challenge the assignment from MILA to US Bank, he has not pleaded any plausible breach of the parties' contract. Alternatively, Richards, as the undisputed borrower in default, has not pleaded his own performance under the contract. "It is a well established rule that a party to a contract who is himself in default cannot maintain a suit for its breach." *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (internal quotation marks omitted). Finally, to the extent Richards bases his breach of contract claim on a consent judgment entered into between various banks and the federal government, Richards lacks standing to enforce the consent judgment because he is not a party to it. *See Phillips v. JPMorgan Chase Bank, N.A.*, No. A-14-CA-054-SS, 2014 WL 850721, at *2 (W.D. Tex. Mar. 4, 2014) (dismissing similar claim and collecting cases).

Richards's wrongful eviction and wrongful foreclosure claims also fail. With respect to wrongful foreclosure, Richards had not pleaded facts establishing any defect in the foreclosure proceedings, a grossly inadequate selling price, or a causal connection between the two. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). With respect to wrongful eviction, Richards's claim is premature because Richards has not yet been evicted or

suffered any damages attributable to the eviction. *See Martinez-Bey v. Bank of Am., N.A.*, No. 3:12-CV-4986-G(BH), 2013 WL 3054000, at *12 (N.D. Tex. June 18, 2013) (listing elements of wrongful eviction claim and citing *McKemie v. Carte*, 385 S.W.2d 520, 528 (Tex. Civ. App.—Corpus Christi 1964, writ ref'd n.r.e.)).

**Conclusion**

Richards has failed to state any claim for which relief may be granted, and has failed to show himself entitled to any relief in either law or equity. Additionally, because Richards is apparently unwilling or unable to prosecute this case in federal court, no leave to amend will be granted.

Accordingly,

IT IS ORDERED that Defendant US Bank National Association's Motion to Dismiss [#15] is GRANTED;

IT IS FURTHER ORDERED that all claims brought by Plaintiff Lance Richards in the above-styled cause are DISMISSED WITHOUT PREJUDICE;

IT IS FINALLY ORDERED that US Bank's Motion to Extend Pretrial Deadlines [#17] is DISMISSED AS MOOT.

SIGNED this the 30th day of April 2014.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE